# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 13-1029V
Filed: April 1, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| E.J.N., an Infant, by his Mother and Natural Guardian, APRIL NOON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

Damages decision based on proffer; RotaTeq vaccine; intussusception requiring surgical intervention

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Larry Rosenfeld, Babylon, NY, for petitioner.
Claudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On December 30, 2013, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2006), alleging that E.J.N. suffered intussusception requiring surgical intervention as a result of receiving RotaTeq vaccine on October 2, 2012. On March 25, 2014, respondent filed a Vaccine Rule 4(c) Report, conceding that E.J.N. suffered from intussusception requiring surgical intervention after receipt of RotaTeq vaccine and

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

recommending that petitioner be awarded compensation.

On April 1, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards petitioner a lump sum payment of **$35,000.00**, representing compensation for actual and projected pain and suffering.  The award shall be in the form of a check made payable to petitioner, April Noon, as guardian/conservator of E.J.N.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: April 1, 2014                                         /s/ Laura D. Millman
                                                                       Laura D. Millman
                                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                      )
E.J.N., an infant by his                              )
mother and natural guardian,                          )
APRIL NOON,                                           )
                                                      )
                        Petitioner,                   )
                                                      )          **No. 13-1029V**
v.                                                    )          **Special Master Millman**
                                                      )          **ECF**
SECRETARY OF HEALTH AND                               )
HUMAN SERVICES,                                       )
                                                      )
                        Respondent.                   )
_____)


## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 30, 2013, petitioner, on behalf of her son, E.J.N., filed a petition for

compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), as

amended. 42 U.S.C. §§ 300aa-1 et seq.   Petitioner alleges that after E.J.N. received RotaTeq

vaccine on October 2, 2012, he suffered from intussusception, requiring a surgical intervention.

The Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report,

conceding that E.J.N. suffered from intussusception requiring surgical intervention after receipt

of RotaTeq vaccine, and recommending that petitioner be awarded compensation.  Respondent

hereby submits the following proffer regarding the award of compensation.

I.      **Items of Compensation**

        A.      Future Medical Care Expenses

        Respondent proffers that based on the evidence of record, petitioner is not entitled to an

award for projected unreimbusable medical care expenses for E.J.N. incurred from the date of

judgment as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

      B.      <u>Lost Future Earnings</u>

Respondent proffers that based upon the evidence of record, E.J.N. has not, and he is not

likely to suffer a loss of earnings as a result of his vaccine injury.  Accordingly, petitioner should

not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-

15(a)(3)(A).  Petitioner agrees.

      C.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded a lump sum of $35,000.00 for

E.J.N.'s actual and projected pain and suffering.  This amount reflects that the award for

projected pain and suffering has been reduced to net present value.  <u>See</u> 42 U.S.C. § 300aa-

15(a)(4).  Petitioner agrees.

      D.      <u>Past Unreimburseable Expenses</u>

Respondent proffers that based upon the evidence of record, petitioner has not incurred

any past unreimbursable expenses related to E.J.N.'s vaccine-related injury.  Petitioner agrees.

      E.      <u>Medicaid Lien</u>

Petitioners represent that there are no outstanding Medicaid liens related to E.J.N.'s

vaccine-related injury.

**II.**      **<u>Form of the Award</u>**

The parties recommend that the compensation provided to E.J.N. should

be made through a lump sum payment as described below, and request that the special master's

decision and the Court's judgment award the following:

      A.      A lump sum payment of $35,000.00 (representing compensation for actual and

projected pain and suffering), in the form of a check payable to petitioner, April Noon, as

guardian/conservator of E.J.N.

B.      No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of E.J.N.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.J.N., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.J.N. upon submission of written documentation of such appointment to the Secretary.

**III.**    **Summary of Recommended Payment Following Judgment**

A lump sum payment of $35,000.00, representing compensation for actual and projected pain and suffering, payable to petitioner as the guardian/conservator of E.J.N.'s estate.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

/s/ *Claudia B. Gangi*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138

Dated:  April 1, 2014